## STATE EX REL. FLEURY v. DAUEN-HAUER, SR.

---

(April 12, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Drainage—Par. 7; Parishes—Par. 23.**

Under Act 317 of 1910 as amended by Act 253 of 1920 where there is a contest for the office of Drainage Commissioner the Police Jury "shall" give the appointment to the candidate recommended by the land owners owning the greatest number of acres in the district. The fact that the drainage district is made up of a part of the land in two adjoining parishes does not change this method of selecting a drainage commissioner when the office is contested. There is nothing in Section 4 of the Act to the contrary.

Appeal from the Twenty-fourth Judicial District Court, Parish of Jefferson, Hon. L. Robert Rivarde, Judge.

Action by State ex rel. John E. Fleury, District Attorney, et al., against J. B. Dauenhauer, Sr. Judgment for defendant and plaintiff appealed.

Judgment affirmed.

Jno. E. Fleury, J. K. Gaudet and A. H. Thalheim, of Gretna, attorneys for plaintiff, appellant.

C. A. Buchler, of Gretna, attorney for defendant, appellee.

WESTERFIELD, J.    This is an intrusion in office suit. From a judgment maintaining an exception of no cause of action the plaintiff has appealed.

The petition alleges that George Heebe, Jr., the plaintiff, was duly appointed and commissioned a member of the Jefferson-Plaquemines Drainage District, comprising land situated in the Parish of Jefferson and partly in the Parish of Plaquemines on June 10, 1925, in succession to J. B. Dauenhauer, Sr., whose term had expired in May, 1924; that J. B. Dauenhauer was fully informed of his appointment but "usurps, intrudes and unlawfully holds" the office; that under the law (Act 317 of 1910 as amended) it was the duty of the Police Jury of the Parish of Jefferson to fill the Dauenhauer vacancy by appointing someone as commissioner recommended to it under the terms of the law; that two petitions were circulated among land owners in the Drainage District, one by plaintiff, and one by Dauenhauer, with the result that George Heebe, Jr., was recommended by 372 property holders owning 6983.08 acres of land in Jefferson Parish alone and that Dauenhauer was endorsed by 159 property holders owning 5908.01 acres in Jefferson and 7033.80 acres in Plaquemines Parish; that George Heebe, Jr., had the majority in acres and property holders in Jefferson and that he was entitled to the appointment under Sec. 4 of Act 317 of 1910.

Plaintiff contends that the Police Jury who under the law is vested with the authority to appoint drainage commissioners upon recommendations of property holders is limited to holders of property in Jefferson Parish and not permitted to consider

the recommendations of Plaquemines property holders in connection with this particular appointment. On the other hand defendant insists that it is the district and not Jefferson Parish which recommends the appointment. It is admitted in the petition that if the property holders of the district, that is to say both parishes are to be considered that Dauenhauer is entitled to the office.

Sec. 3 of the Act of 1910, originally provided that:

"Where there is a contest over the appointment of commissioners, the police jury shall give the appointment to those commissioners who are recommended by land owners owning the greatest number of acres of land in said district, or who are recommended by a majority of the resident land owners in such district, in the discretion of the police jury."

This section was amended by Act 253 of 1920 as to the last paragraph only, and it was provided that:

"Where there is a contest over the appointment of commissioners, the police jury shall give the appointment to those commissioners who are recommended by the land owners owning the greatest number of acres of land in said districts."

It is plain that if this section governs this case plaintiff is out of court because there is under its terms no discretion in the police jury as between the majority of property holders and the majority of acres held but the police jury must appoint the commissioner "recommended by the land owners owning the greatest number of acres of land in said districts".

But plaintiff contends that Sec. 4 and not Sec. 3 of the act controls. This section provides that "when it becomes necessary to create drainage districts composed partly of lands situated in adjoining parishes * * * then the commissioners shall be appointed or selected as aforesaid, two by the police jury of the parish which has the greatest area in said district and one by the police jury of the other parish: when portions of three parishes are included each parish shall have one commissioner".

Counsel pointing to this language of Section 4 argues that it must be interpreted as meaning that each parish should have one commissioner recommended by that parish alone otherwise—

"* * * if the interpretation of the act by the defendant is to be taken as correct, then no matter who the land owners of the Parish of Jefferson might recommend, and no matter if every acre of land in the district and every property owner should sign a petition recommending a resident property owner of Jefferson Parish as its commissioner, the Parish of Plaquemines, with the smallest number of property holders, but the largest acreage, would have the right to thwart the will of the people of Jefferson Parish, and add its acreage to another candidate's from the Parish of Jefferson, and thereby dictate and control the selection and appointment of all commissioners in this district, no matter from what parish they come."

In the first place there is no allegation to the effect that Plaquemines has the greatest acreage and that it already has two commissioners on the drainage board. But if there was such allegation and selection and appointment must be "as aforesaid" whatever parish the individual candidate is a resident of. The words "as aforesaid" must refer to Section 3 of the Act which (as amended) provides that the acreage in the district and not the majority of land holders nor the greatest number of acres in the parish making the appointment controls. Whatever incongruity the law may compel in regard to

one parish dictating to another the name of its appointee we can only interpret the law as it is written and it plainly provides that the land owners holding the greatest number of acres in the district shall control the appointment of the drainage commissioner whose office is in contest here and we can not alter it.

For the reasons assigned the judgment appealed from is affirmed.